17-2902-cv
*Zeng v. Pompeo*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
                ROBERT D. SACK,
                        *Circuit Judges*,
                JOHN G. KOELTL,
                        *District Judge.**

XIAN YONG ZENG,

                *Plaintiff-Appellant,*                17-2902-cv

        v.

MICHAEL POMPEO, UNITED STATES SECRETARY OF STATE, UNITED STATES CONSULATE GENERAL GUANGZHOU, CHINA, SECRETARY KIRSTJEN NIELSEN, THOMAS CIOPPA, JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,

                *Defendants-Appellees.*†

---

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is directed to amend the caption to read as shown above.

**FOR PLAINTIFF-APPELLANT:**    Xian Yong Zeng, *pro se*, Elmhurst, NY.

**FOR DEFENDANTS-APPELLEES:**    Varuni Nelson, Rachel G. Balaban, and Matthew Silverman, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from the July 20, 2017 judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Xian Yong Zeng ("Zeng"), proceeding *pro se*, appeals from the District Court's judgment dismissing the case as moot and denying his motion to amend his complaint based on futility. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Zeng does not challenge the District Court's finding of mootness in his appellate brief. Accordingly, we deem any argument regarding the mootness of his complaint to be abandoned. *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

Zeng contends that the District Court erred in denying his motion to amend his complaint to bring a due process claim challenging the Consulate's denial of his wife's visa. We review *de novo* a District Court's denial of leave to amend on the ground that amendment would be futile because the proposed theory is meritless. *Thea v. Kleinhandler*, 807 F.3d 492, 496–97 (2d Cir. 2015). In general, a district court should not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but leave to amend can be denied if amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We conclude that the District Court did not err in denying Zeng's motion to amend, although we reach this conclusion on slightly different grounds than the District Court. Zeng sought to amend his complaint to state a due process claim based on the U.S. Consulate's decision to deny his wife a visa due to a finding that she had misrepresented her employment history in a prior visa application.

The doctrine of consular nonreviewability generally bars courts from reviewing a consular officer's denial of a visa. *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009). But we have concluded that there is a narrow exception where a plaintiff alleges that the denial of a visa to a

visa applicant violated the plaintiff's First Amendment right to have the applicant present his views in this Country. *Id.* at 125 (relying on *Kleindienst v. Mandel*, 408 U.S. 753 (1972)). Under such circumstances, a court will review the consular officer's denial of a visa to determine whether the officer acted "on the basis of a facially legitimate and bona fide reason." *Id.* (quoting *Mandel*, 408 U.S. at 769–70). This standard will be satisfied where a consular officer relies on a statutory ground of inadmissibility, unless the plaintiff affirmatively proffers "a well supported allegation of bad faith." *Id.* at 137.

Zeng urges that the District Court erred in failing to apply this limited review and in failing to conclude that the consular officer denied the visa without any bona fide reason to do so. We have not decided whether this narrow exception to the consular nonreviewability doctrine applies to constitutional challenges other than First Amendment challenges, such as due process challenges. *Cf. Kerry v. Din*, 135 S. Ct. 2128, 2140 (2015) (Kennedy, J., concurring) (construing *Mandel* to apply where a plaintiff alleges that the visa denial "burdens a citizen's own constitutional rights" and applying *Mandel* to a due process claim). Nor have we ever decided whether a citizen has a due process right to live in this country with their spouse. *See id.* at 2133-36 (Scalia, J., plurality opinion) (holding that wife had no protectible liberty interest in living in the United States with her husband and could not bring a due process claim based on denial of his visa application). But even if we were to conclude that the limited "bona fide reason" review does apply to due process claims and that Zeng has a due process right to live in the United States with his wife, we would affirm the ruling of the District Court.

Here, the Consulate provided a bona fide and facially legitimate reason for denying Zeng's wife a visa—namely, that she had made a material misrepresentation about her employment when applying for a visa. Such a misrepresentation rendered her inadmissible. *See* 8 U.S.C. § 1201(g) ("No visa . . . shall be issued to an alien if . . . it appears to the consular officer . . . that such alien is ineligible to receive a visa . . . under section 1182 of this title"); *id.* § 1182(a)(6)(C)(i) ("Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."). Moreover, Zeng's allegation that the Consulate relied on sixteen-year-old information does not constitute a well-supported allegation of bad faith. Neither 8 U.S.C. § 1201(g) nor § 1182(a)(6)(C)(i) contain a limitation on considering such information. Accordingly, the Consulate has satisfied its minimal burden of providing a bona fide reason for denying the visa, and we will not "look behind the exercise of [the consulate's] discretion." *Am. Acad. of Religion*, 573 F.3d at 125 (quoting *Mandel*, 408 U.S. at 769–70). As such, Zeng's proposed amendment was futile, and the District Court did not err by denying Zeng's motion to amend.

## CONCLUSION

We have reviewed all of the arguments raised by Zeng on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 20, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk